UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                    :

**BANK OF AMERICA, N.A.**,

                    Plaintiff,      :   **ORDER ADOPTING REPORT AND RECOMMENDATION**

       – against –              :   24-CV-6005 (AMD) (JAM)

**MADWELL LLC**, a New York limited liability company, **GET IN GET OUT LLC**, a New York limited liability company, **MILLWRIGHT LLC**, a New York limited liability company, and **MAPLE SYRUP AND JAM LLC** d/b/a Starfish, a New York limited liability company,

                  Defendants.

--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On August 27, 2024, the plaintiff Bank of America N.A. brought this diversity action against the defendants Madwell LLC, a New York limited company ("Madwell"), Get In Get Out LLC, a New York limited liability company ("GIGO"), Millwright LLC, a New York limited liability company ("Millwright"), and Maple Syrup and Jam LLC d/b/a Starfish, a New York limited liability company ("MSJ") to enforce its rights under a loan agreement and related security and guaranty agreements in connection with a $4,000,000 line of credit and a $500,000 term loan it extended to the defendants. (ECF No. 1 ¶¶ 8–9.) The plaintiff alleged breach of contract, foreclosure of security interest, replevin, conversion, and unjust enrichment. (*Id.* ¶¶ 31–88.) The plaintiff sought a money judgment for the principal amount the defendants defaulted on plus accrued and accruing interest, default rate interest, late charges, contractual costs, attorneys' fees, and all other charges due to the defendant. (*Id.* ¶ 9.) On November 8, 2024, the parties executed a settlement agreement (ECF No. 26-1 at 7), and on November 12,

2024, the parties filed a stipulation of settlement and a joint motion to stay the action (ECF No. 21). However, the defendants did not make principal reduction payments due on November 30, 2024 and December 31, 2024, and missed a monthly interest payment due on December 31, 2024. (ECF No. 26-2 at 4.)

Before the Court is the plaintiff's motion for judgment based on the settlement agreement. (ECF No. 26.) The plaintiff seeks a money judgment in the amount the defendants still owe — which they calculate as $4,100,359.81 plus interest continuing to accrue at the per diem rate of $1,384.54 after January 6, 2025 — and an order directing turnover of collateral pursuant to the terms of the settlement agreement. (ECF No. 26-2 at 5–6.) After the plaintiff filed its motion, the parties filed additional status reports and Magistrate Judge Joseph A. Marutollo held a status conference at which the parties discussed the defendants' outstanding debts and a possible revised settlement agreement. (*See* ECF Nos. 27, 29; *ECF Order dated Feb. 4, 2025*.) The parties could not resolve the matter, and on February 14, 2025, the plaintiff renewed its request for an entry of judgment against the defendants. (ECF No. 30.)

The defendants responded on March 17, 2025. (ECF No. 34.) On March 18, 2025, the Court referred the plaintiff's motion to Judge Marutollo. (*ECF Order dated Mar. 18, 2025*.) On March 24, 2025, the plaintiff filed a reply in support of its motion. (ECF No. 36.) On June 10, 2025, Judge Marutollo issued a Report and Recommendation ("R&R") recommending that the Court grant the plaintiff's motion. (ECF No. 40.)[1] The defendants filed an objection on June 25, 2025 (ECF No. 41), to which the plaintiff responded on July 9, 2025 (ECF No. 42). For the following reasons, the Court adopts the report and recommendation in its entirety and grants the plaintiff's motion.

---

[1] Judge Marutollo also recommended that the Court find that it has jurisdiction over this issue. (ECF No. 40 at 16–17.) Neither party objects to this recommendation, so the Court adopts this finding.

**LEGAL STANDARD**

A party may object to a magistrate judge's report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(2). The Court does a *de novo* review of a party's objections if they are "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t] . . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))). If "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [the party's] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs.*, LLC, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (citation omitted); *see also Colliton v. Donnelly*, No. 07-CV-1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) (summary order). "[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Saada v. Golan*, No. 18-CV-5292, 2023 WL 1993538, at *2 (E.D.N.Y. Feb. 13, 2023) (citations omitted).

**DISCUSSION**

The defendants reiterate many of the same arguments they made to Judge Marutollo when they opposed the plaintiff's motion. They claim that the settlement agreement was procured by fraud, duress, or unconscionable conduct (ECF No. 41 at 4–5; *see also* ECF No. 34

3

at 8), and that there was no consideration for the settlement agreement (ECF No. 41 at 6–7; *see also* ECF No. 34 at 7–8).  The defendants also challenge the validity of the underlying loan agreements.  They maintain that the plaintiff ignored "red flags" that should have alerted them that David Eisenman — the former 50% owner and CFO — was acting outside the scope of his authority; thus, the defendants claim, their underlying obligation to the plaintiff is void because Eisenman did not have the authority to enter into the agreements.  (ECF No. 41 at 5–8; *see also* ECF No. 34 at 5–7.)  Judge Marutollo addressed these arguments and rejected them in a meticulous and cogent opinion.  *See, e.g.*, *Official Comm. of Unsecured Creditors of Exeter Holdings Ltd. v. Haltman*, No. 13-CV-5475, 2016 WL 128154, at *5 (E.D.N.Y. Jan. 12, 2016) (objections to a report and recommendation that are identical to those put forth in motion papers are reviewed for clear error).

The defendants also argue for the first time that Judge Marutollo should have addressed whether the defendants "should be liable only for the portion of the loan used for business purposes, as opposed to the portion misappropriated by Eisenman without Sojka's knowledge or consent."  (ECF No. 41 at 7.)  The defendants did not raise this argument before Judge Marutollo, so the Court does not consider it.  *See Saada*, 2023 WL 1993538, at *2 ("[T]he court will not consider arguments . . . which could have been, but were not, presented to the magistrate judge in the first instance." (citation omitted)).

The Court has reviewed Judge Marutollo's thorough and well-reasoned report and recommendation, the available record, and relevant case law, and finds no clear error.  Accordingly, the Court adopts the report and recommendation in its entirety.  The plaintiff's motion for entry of a consensual money judgment and order directing turnover of collateral is granted.

4

## CONCLUSION

For these reasons, the report and recommendation is affirmed.

**SO ORDERED.**

                                                                                           s/Ann M Donnelly
                                                                 ANN M. DONNELLY
                                                                 United States District Judge

Dated: Brooklyn, New York
           September 22, 2024